Charles A. McLAUGHLIN, Plaintiff,

v.

Dennis McCORMICK, Defendant.

No. 82 Civ. 3539.

United States District Court,
S.D. New York.

Feb. 22, 1983.

Charles A. McLaughlin, pro se.

Rider, Drake, Sommers & Loeb, P.C., Newburgh, N.Y., for defendant; Joseph A. Catania, Jr., Newburgh, N.Y., of counsel.

MEMORANDUM ENDORSEMENT

EDWARD WEINFELD, District Judge.

Plaintiff, Charles McLaughlin, is an inmate at the Clinton Correctional Center in Dannemora, New York, serving a sentence of 7½ to 15 years on his guilty plea to a charge of second degree manslaughter. He has brought this action under 42 U.S.C., section 1983, against Dennis McCormick, the Chief Attorney of the Legal Aid Society of Orange County.

Plaintiff was arrested on November 19, 1979, and was arraigned two days later on a charge of second degree murder. Defendant, who at that time was an Assistant District Attorney in Orange County, presented the case for the People. Defendant left the District Attorney's office on January 1, 1980, and became the Chief Attorney of the Legal Aid Society of Orange County. Thereafter, on January 2, plaintiff was indicted for manslaughter in the first and second degree. On May 19, represented by a Legal Aid attorney, plaintiff entered a guilty plea to manslaughter in the second degree, and he was sentenced to the term specified above on August 15.

By an order dated October 8, 1980, the Appellate Division, Second Department, appointed "Dennis McCormick, the Legal Aid Society of Orange County, Inc.," as counsel to represent plaintiff in his appeal of his conviction. The Society's appeals attorney, Grant Kelleher, Esq., was assigned to the matter. By motion dated May 18, 1981, Kelleher moved to have defendant, as Chief of the Society, removed as counsel on the ground that plaintiff intended to raise the competence of his trial counsel, the Legal Aid attorney who represented him at the time of the entry of his guilty plea, as a ground for appeal. The motion was granted on June 3.

Throughout the pendency of the appeals proceedings, from the time the Society was appointed to represent plaintiff until the instant action was commenced, defendant has had no personal involvement with the matter. In fact, the defendant, upon becoming Chief Counsel of the Legal Aid Society, had issued a memorandum regarding his "disqualification from personally handling or overseeing the defense of [criminal] cases includ[ing] those cases wherein prosecution is commenced subsequent to January 2, 1980, and where the criminal act or transaction which is the subject of said prosecution occurred prior to said date." The memorandum also stated that such cases were to be kept in segregated files, and that defendant would "not discuss these cases nor respond to any mention of them, nor will any member of the staff attempt to discuss these cases with [him]." Supervisory responsibility for such cases was given to another Legal Aid attorney.

Plaintiff's complaint alleges that "[f]or Defendant ... to prosecute the Plaintiff and then to accept assignment as counsel for defense in appellate phases and to accept gratuities for assignment renders him guilty of a misdemeanor offense, and places plaintiff in jeopardy of a total loss of appeal should defendant ... have proceeded with and followed through with appeal."

The utter frivolity of this complaint is apparent on its face. Indeed, the Court is disposed to dismiss it on that basis alone. A second ground, however, is that requisite state action is lacking. *See Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1980). *Cf. Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (immunity of prosecutor). Thus, the defendant's motion is granted and the complaint is dismissed.

So ordered.